UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
ARIEL MACKLIN,                     )
                                   )
         Plaintiff,                )
                                   )
      v.                           )    C.A. No. 19-561 WES
                                   )
BISCAYNE HOLDING CORP.,            )
et al.,                            )
                                   )
         Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

On November 2, 2020, Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R.&R."), ECF No. 39, which recommended that Defendants' Motion to Dismiss, ECF No. 27, be denied with respect to Defendants' motion to dismiss or strike all of the women who filed notices of their intent to opt-in to Plaintiff's case (collectively, the "Opt-ins"), and be denied without prejudice with respect to Defendants' motion to dismiss the three Opt-ins whose standing Defendants challenged. Defendants filed an Objection to the second part of Judge Sullivan's R.&R., ECF No. 40, arguing the three remaining Opt-ins must be dismissed for lack of subject matter jurisdiction. Defs.' Obj. 10. Plaintiff also filed a Motion for Leave to File First Amended Complaint, ECF No. 43. After reviewing the relevant papers, the Court ACCEPTS the R.&R. and ADOPTS the recommendations

and reasoning set forth therein, with additional reasoning outlined below.

Defendants argue that subject matter jurisdiction may be challenged at any time, and if found wanting, the court must dismiss the case. Defs.' Obj. 9-10. It is axiomatic that federal courts have limited jurisdiction and cannot continue to hear a case where the court lacks subject matter jurisdiction after a plaintiff files a complaint. See Ins. Brokers W., Inc. v. Liquid Outcome, LLC, 241 F. Supp. 3d 339, 342 (D.R.I. 2017). Ms. Macklin, the lead plaintiff, was removed from that position when she and many of the other Opt-ins were compelled to undergo arbitration, leaving the case without a plaintiff. See Nov. 2, 2020 Mem. and Order 12-13, ECF No. 38. As Judge Sullivan stated, before a court can entertain a 12(b)(1) motion to dismiss, there must be at least one complaint from one lead plaintiff upon whom the 12(b)(1) can attach. See R.&R. 6 (citing Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 225 n.9 (3d Cir. 2016)). But a party who files an opt-in notice "[is] held to a lesser standard than FLSA named plaintiffs or other plaintiffs who join in civil actions." Halle, 842 F.3d at 225 n.9. Therefore, a 12(b)(1) motion is an inappropriate vehicle to seek the dismissal of an opt-in class member. See R.&R. 7; see also Levecque v. Argo Mktg. Group, Inc., 2:14-CV-00218-JAW, 2015 WL 3672647, at *7 ("[T]he FLSA allows plaintiffs to proceed collectively based on a lesser showing than

2

that required by Rule 23.") (quoting Prescott v. Prudential Insurance Co., 729 F. Supp. 2d 357, 359) (D. Me. 2010)); Anjum v. J.C. Penny Co. Inc., No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *14 (E.D.N.Y. Oct. 9, 2014) (holding that a challenge to the standing of opt-ins may require dismissal of individual claims, however that challenge should be addressed through a motion to decertify rather than by reference to consent forms alone).

While Defendants cite to a litany of cases addressing subject matter jurisdiction, only one involved the FLSA. See Defs.' Obj. 5-6 (citing Moon v. Breathless, Inc., No. 15-06297 (SDW) (LDW), 2015 WL 7720490, at *1 (D.N.J. Nov. 30, 2015)). In Moon, the court dismissed the plaintiff's FLSA claim against his employer because the plaintiff failed to establish that she worked for the defendant. Moon, 2015 WL 7720490, at *4. The defendant employer submitted an unchallenged declaration that the plaintiff never worked at the employer's business. See id. Here, Defendants claim a similarity between the defendant's unchallenged declaration in Moon with Mr. Vianello's declaration that he could find no records of Opt-ins Kelly or Trueheart working for Wild Zebra, and that Opt-in McRae ceased working for Wild Zebra in 2016 – outside of the statute of limitations of two to three years. See Defs.' Obj. 5 & n.4. However, unlike the present case, the plaintiff in Moon was one of the named plaintiffs in the action, and therefore the case was not lacking a lead plaintiff at the time jurisdiction was

challenged. Moon, 2015 WL 7720490, at *1. It was therefore proper for the court in Moon to reach the 12(b)(1) motion before it. See id. at *4 & n.3. Here, with no named plaintiff, to do so would be premature.

Accordingly, Defendants' Motion to Dismiss, ECF No. 27, is DENIED with respect to Defendants' motion to dismiss or strike all Opt-ins and DENIED without prejudice with respect to Defendants' motion to dismiss the three Opt-ins whose standing is challenged. Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 43, is GRANTED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
District Judge
Date: May 12, 2021